KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Jonathan P. Steinsapir (SBN 226281)
  jsteinsapir@kwikalaw.com
Kate Mangels (SBN 301811)
  kmangels@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiffs and Counter-
Defendants Liza Vismanos and Randy
Rosen

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIZA VISMANOS, an individual, and RANDY ROSEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIPPE HOERLE-GUGGENHEIM, an individual, DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>PHILIPPE HOERLE-GUGGENHEIM, an individual,<br><br>Counter-Claimant,<br><br>vs.<br><br>LIZA VISMANOS, an individual; RANDY ROSEN, an individual; and ROES 1 through 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:19-cv-01115-MWF(ASx)<br><br>The Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JONATHAN P. STEINSAPIR IN SUPPORT**<br><br>Filed Concurrently With: [Proposed] Judgment Against Phillippe Hoerle-Guggenheim; and Stipulation for Entry of Judgment Against Philippe Hoerle-Guggenheim<br><br>Action Filed:  February 13, 2019<br>Trial Date:     Not Set |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Liza Vismanos and Randy Rosen ("Plaintiffs") hereby apply *ex parte* for entry of a stipulated judgment against Defendant Philippe Hoerle-Guggenheim ("Defendant"). The stipulated judgment is being submitted herewith (the blanks have been filled in by counsel).

Defendant stipulated to entry of judgment in a document entitled "Stipulation for Entry of Judgment Against Philippe Hoerle-Guggenheim" (Dkt. 23) being filed concurrently herewith. In that document, signed by both Defendant personally and his counsel, Defendant agreed that if he failed to make any monthly installment payments of a total Settlement Payment of $320,000, after being given notice and an opportunity to cure, he would agree to entry of judgment against him for the amount outstanding along with Plaintiffs' reasonable attorneys' fees in preparing for and filing this ex parte application. *See* Stipulation for Entry of Judgment Against Philippe Hoerle-Guggenheim ("Stipulation for Entry of Judgment") (Dkt. 23) at p. 3, ¶ 5. The parties' Settlement Agreement also specifically provided for entry of a stipulated judgment if a payment was missed after Defendant was given an opportunity to cure. *See* Declaration of Jonathan P. Steinsapir ("Steinsapir Decl.") p. 3, ¶ 4. Defendant has missed two consecutive monthly payments (due October 15 and November 15), and was given notice and an opportunity to cure both failures to make payment (and failed to cure). *See id.* at ¶¶ 5-7. Accordingly, for reasons set out more fully below in the attached Memorandum of Points and Authorities, Plaintiffs are entitled to judgment on their behalf in the amount of $201,960 (representing the outstanding portion of the Settlement Payment of $200,000 plus $1,190 in reasonable attorneys' fees). *Id.* at ¶¶ 9-10.

Good cause exists for entry of the proposed Judgment—and for doing so on an *ex parte* basis—for reasons explained above and, more fully, in the attached Memorandum of Points and Authorities. Defendant agreed, as part of the Stipulation for Entry of Judgment, that judgment may be entered in connection with the filing of

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   an ex parte application. Stipulation for Entry of Judgment (Dkt. 23) at p. 3, ¶¶ 4-6.

2   Plaintiffs' counsel advised Defendant's counsel that they would be filing this

3   *ex parte* application first on November 27, 2019, and then on December 4, 2019.

4   Steinsapir Decl. at ¶ 8. Counsel did not say whether Defendant would oppose the

5   application, *ibid.*, but the parties previously stipulated that Defendant would only be

6   able to oppose this application on the basis that no opportunity to cure was given,

7   the payments were actually made, and/or that the amount of requested attorneys'

8   fees is unreasonable. Stipulation for Entry of Judgment (Dkt. 23) at p. 3, ¶ 6.

9   Contact information for Defendant's counsel is: Steven A. Heath

10  (saheath@heathsteinbeck.com), Uyen N. Nguyen (unguyen@heathsteinbeck.com),

11  Heath Steinbeck, LLP, 5777 W. Century Blvd., Ste. 765, Los Angeles, CA 90045,

12  Tel: (213) 335-6245; George Benaur (george@benaurlaw.com), Benaur Law, LLC,

13  43 West 43rd Street, Suite 225, New York, NY 10036, Tel: (609) 216-6105.

14  This application is made pursuant to the Court's inherent power to enforce

15  settlement agreements, when it retains jurisdiction to do so, and pursuant to

16  principles embodied in California Code of Civil Procedure § 664.6. This application

17  is based upon: this application and the proposed Judgment filed concurrently

18  herewith; the attached Declaration of Jonathan P. Steinsapir; the Stipulation for

19  Entry of Judgment (Dkt. 23), and all papers and pleadings on file in this action.

20

21  DATED: December 6, 2019          Respectfully Submitted:

22                                   KINSELLA WEITZMAN ISER
23                                   KUMP & ALDISERT LLP

24

25                                   By:    /s/ *Jonathan Steinsapir*
26                                          Jonathan Steinsapir
27                                          Attorneys for Plaintiffs
                                            Liza Vismanos and Randy Rosen
28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on February 13, 2019. In a nutshell, the Complaint alleges that Defendant induced Plaintiffs to send him hundreds of thousands of dollars in order to procure artwork, including a piece by the late French Impressionist, Pierre-Auguste Renoir. Defendant then converted the money for his own use and did not deliver the art. *See, e.g.,* Complaint (Dkt. 1) at ¶ 5. The parties filed a notice of settlement on May 8, 2019, Dkt. 17, and then a stipulation to dismiss the case without prejudice on June 21, 2019. Dkt. 21. The stipulation requested that the Court retain jurisdiction to enforce the settlement agreement, and was signed by the parties themselves along with counsel. Dkt. 21 at p. 3.[1] The Court thereafter dismissed the case without prejudice, but expressly "retain[ed] jurisdiction over this action and over the Parties to enforce the provisions of the Parties' Settlement Agreement … should that become necessary." Dkt. 22 at p. 2.

The parties' written settlement agreement required Defendant to pay Plaintiffs $320,000 in a series of installments: the first installment of $45,000 was due on June 21, 2019, and then eleven monthly installments of $25,000 were due on the fifteenth of every month from July 15, 2019 through May 15, 2020. Steinsapir Decl., Ex. 1, p. 2, ¶ 2. The Agreement provided that if Defendant missed a payment, Plaintiffs would give him five business days to cure. If Defendant failed to cure, Plaintiffs could file an *ex parte* application to have Judgment entered against Defendant in the amount outstanding. *Id.*, Ex. 1, p. 3, ¶ 4. As part of the Agreement, the parties, and

---

[1] The parties directly signed the stipulation due to California law providing that the actual parties themselves must sign a request to the Court to retain jurisdiction to enforce a settlement agreement. *Mesa RHF Partners, L.P. v. City of Los Angeles*, 33 Cal.App.5th 913, 918 (2019). Although these *procedural* requirements of California law are not binding on a federal court, *Retail Clerks Union Joint Pension Tr. v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir. 1991), the parities complied with them in an abundance of caution.

their counsel, also signed a Stipulation for Entry of Judgment, providing for the same *and* providing that Plaintiffs would be entitled to their reasonable attorneys' fees incurred in preparing the application. *Id.* Ex. 1, Ex. A (i.e., Exhibit A to the Settlement Agreement) at p. 3 ¶¶ 4-6. With this application, Plaintiffs are filing that Stipulation for Entry of Judgment at Docket 23.

With the exception of the initial payment, Defendant *failed* to make every monthly installment payment due on the 15th of the month. Plaintiffs therefore gave Defendant an opportunity to cure, and Defendants did cure on the last day to do so for the months of July, August, and September. Steinsapir Decl. at ¶ 5.

Defendant then failed to make payment on October 15, 2019. Steinsapir Decl. at ¶ 6. Plaintiffs gave notice and an opportunity to cure. *Id.*, Ex. 2. Defendant then *purported to cure* by depositing a check with Plaintiffs' counsel's client trust account at a local bank branch. *Id.* at ¶ 6. The check bounced but, due to a failure of communication in counsel's office, Plaintiffs and their counsel were not aware that the check bounced until later in November. *Ibid.*

Defendant then failed to make payment on November 15, 2019. Plaintiffs gave Defendant the requisite notice and opportunity to cure on November 18, 2019. *Id.* at ¶ 7, Ex. 3. Defendant's counsel contacted Plaintiffs' counsel on November 22, 2019, and asked "for a few extra business days" to make payment. *Id.* at ¶ 6. By this time, Plaintiffs had learned that the October check bounced, but nevertheless agreed to give Defendant until the following Tuesday to make payment for both October and November. No payment was made that Tuesday. *Ibid.* Indeed, no payments for October and November have been made to date. *Id.* at ¶ 7. Plaintiffs' counsel then gave notice that Plaintiffs would be filing this application. *Id.* at ¶ 8. Defendant's counsel has not stated that they would oppose the application in any regard. *Ibid.* And Defendant expressly agreed not to oppose this application except on the grounds that payment was made, that breach was cured, or that the amount of attorneys' fees requested is not reasonable. Stipulation for Entry of Judgment (Dkt.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    23) at p. 3, ¶ 6. None of these circumstances apply here.

2    **II.    ARGUMENT**

3        **A.    Plaintiffs Are Entitled to Judgment in the Amount of $201,960**

4        "[A] federal court has jurisdiction to enforce a settlement agreement in a

5    dismissed case when the dismissal order incorporates the settlement terms, or the

6    court has retained jurisdiction over the settlement contract." *Alvarado v. Table*

7    *Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007), citing *Kokkonen v.*

8    *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). *See also* Cal. Code Civ.

9    Proc. § 664.6. Here, the Court's order dismissing the case expressly provided that it

10    "retain[ed] jurisdiction over this action and over the Parties to enforce the provisions

11    of the Parties' Settlement Agreement … should that become necessary." Dkt. 22 at

12    p. 2. The Court therefore has jurisdiction to enter judgment here. *Tiger Bay Vill.*

13    *Corp. v. Yihe Corp.*, No. CV 13-08837-RSWL-FFM, 2014 WL 3662259, at *4

14    (C.D. Cal. July 18, 2014) (entering judgment pursuant to settlement agreement

15    where defendant failed to make timely installment payments). *See also Grassroots*

16    *Prods. II, Inc. v. Young Money Entm't, LLC*, No. CV 14-2807-GW(ASX), 2015 WL

17    12806466, at *4 (C.D. Cal. Oct. 1, 2015) (enforcing settlement agreement and

18    entering judgment thereon); *Walter v. W. Indus. Inc.*, No. SACV131503JLSANX,

19    2015 WL 12765552, at *5 (C.D. Cal. Mar. 25, 2015) (same).

20        Here, the parties plainly agreed that the Court could enter a stipulated

21    judgment in the amount due, plus attorneys' fees expended to file an application to

22    have the judgment entered, if Defendant failed to make a monthly installment

23    payment when due so long as Defendant is given notice and five business days to to

24    cure. Steinsapir Decl., Ex. 1, p. 3, ¶ 4. Defendant failed to make payment on

25    November 15, 2019, and he has failed to make payment after being given *more than*

26    five business days to cure. *Id.* at ¶ 6, Ex. 3. Moreover, he also failed to make

27    payment on October 15, 2019, and then purported to make payment by check, but

28    his check bounced. *Id.* at ¶ 5, Ex. 2. Accordingly, pursuant to the terms of the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

3

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Settlement Agreement, Judgment must be entered against him for the outstanding amount of the $320,000 payment. $200,000 remains due of that payment. Specifically, Defendant made the initial payment of $45,000 on June 21, 2019, and then three monthly payments of $25,000 in July, August, and September. *Id.* at ¶ 4. This totals $120,000 in payments made, leaving $200,000 due.

Plaintiffs are also entitled to their attorneys' fees in connection with the preparation of this *ex parte* application because Defendant agreed to that as well, as part of the Settlement Agreement in the Stipulation for Entry of Judgment. *See* Stipulation for Entry of Judgment (Dkt. 23) at p. 3 ¶¶ 4-6. Undersigned counsel spent more than four hours preparing this application and related papers at a reduced rate of $490 an hour. Steinsapir Decl. at ¶ 9. This rate is reasonable in this community for attorneys of the undersigned's experience. *Id.* at ¶ 10. Accordingly, an additional $1,960 should be added to the Judgment. We have filled out the blanks in the Stipulated Proposed Judgment accordingly. However, the Court may adjust the amounts if it sees fit, and Plaintiffs are submitted a Microsoft Word copy of the proposed Judgment with this application, as required by the Local Rules.

## B.    Relief on an *Ex Parte* Basis Is Warranted

Relief on an *ex parte* basis is warranted here.

First, Defendant expressly agreed to such a procedure in both the Settlement Agreement and the Stipulation for Entry of Judgment. Steinsapir Decl., Ex. 1, p. 3, ¶ 4; Stipulation for Entry of Judgment (Dkt. 23) at p. 3, ¶¶ 4-6. Defendant further agreed that he would not oppose the application except on the grounds that payment was made, the breach was cured, or that the amount of fees is not reasonable. Stipulation for Entry of Judgment (Dkt. 23) at p. 3, ¶ 6. Not enforcing the parties' agreement on this point would discourage parties from using the procedure used here, which track California Code of Civil Procedure § 664.6, and cases would be less likely to settle. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (referring to "the 'high judicial favor' accorded the voluntary settlement of

disputes" as among the reasons favoring summary enforcement of settlement agreements).

Second, requiring Plaintiffs to seek relief on a noticed motion would require Plaintiffs to wait at least another month for a judgment. This would cost Plaintiffs a significant amount of post-judgment interest (roughly $1,800 at the post-judgment rate of 10 percent). Furthermore, it would allow Defendant more time to hide assets and evade enforcement of the Judgment.

Finally, entry of the *stipulated* Judgment here would seem to fall within the third category of what the late Judge Rymer called the "extremely limited" circumstances where *ex parte* applications are "legitimate." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) (Rymer, J., sitting by designation). In particular, Judge Rymer explained that *ex parte* applications "may be necessary when a party seeks a routine order (e.g., to file an overlong brief or to shorten the time within which a motion may be brought)." *Id.* at 194. Because this application seeks entry of a *stipulated* Judgment, it is much closer to a request for entry of a routine order than any other type of motion.

## III.   CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court enter the attached stipulated Judgement in the amount of $201,960.

DATED: December 6, 2019          Respectfully Submitted:

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP


By:   ___/s/ *Jonathan Steinsapir*___
         Jonathan Steinsapir
         Attorneys for Plaintiffs
         Liza Vismanos and Randy Rosen

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## DECLARATION OF JONATHAN STEINSAPIR

I, Jonathan Steinsapir, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner with Kinsella Weitzman Iser Kump & Aldisert LLP, attorneys of record for Plaintiffs Liza Vismanos and Randy Rosen ("Plaintiffs"). If called as a witness, I could and would competently testify to all the facts within my personal knowledge except where stated upon information and belief.

2.     The parties entered into a written Settlement Agreement as of June 11, 2019. A true and correct copy of that Settlement Agreement, styled "First Amended Settlement Agreement and Mutual General Releases" is attached hereto as **Exhibit 1**. It contains two exhibits (an Exhibit A and Exhibit B).

3.     As noted in paragraph number 2, at page 2, of the Settlement Agreement, Defendant was required to pay Plaintiffs $320,000 in a series of installments: the first installment of $45,000 was due on June 21, 2019, and then eleven monthly installments of $25,000 were to be paid on the fifteenth of every month from July 15, 2019 through May 15, 2020 (except where the fifteenth fell on a weekend or holiday, in which case payment was due the next business day).

4.     Defendant made the first payment on June 21, 2019. Defendant failed to make payments when due on July 15, 2019, August 15, 2019, and September 16, 2019. I prepared a written notice to Defendant for failure to pay and demanded that Defendant cure. Defendant cured each of these breaches, on the last day possible for each.

5.     Defendant then failed to make payment on October 15, 2019. As with before, I provided Defendant (through his counsel) notice of the failure to make payment and an opportunity to cure. A true and correct copy of this notice is attached hereto as **Exhibit 2**. Defendant *purported to cure* by depositing a check with my firm's client trust account at a local bank branch. The check bounced (i.e., it was returned for insufficient funds) but, due to a a failure of communication in my

EX PARTE APPLICATION FOR ENTRY OF JUDGMENT

1   office, my clients and I were not aware that the check bounced until later in

2   November.

3       6.      Defendant failed to make payment on November 15, 2019. I gave

4   Defendant (through counsel) the requisite notice and opportunity to cure on

5   November 18, 2019. A true and correct copy of this notice is attached hereto as

6   **Exhibit 3**. Defendant's counsel, George Benaur, contacted me by email on

7   November 22, 2019, and asked "for a few extra business days" to make payment.

8   By this time, Plaintiffs had learned that the October check bounced, but nevertheless

9   agreed to give Defendant until the following Tuesday to make payment for both

10  October and November. No payment was made the following Tuesday.

11      7.      No payments have been made to date for either October or November.

12      8.      I advised counsel for Defendant, Steven A. Heath and George Benaur,

13  that Plaintiffs would be filing this *ex parte* application first on November 27, 2019,

14  and then again on December 4, 2019. In response to my advising counsel of this

15  application on November 27, Defendant's counsel, George Benaur, advised that he

16  would "inform [his] client" and further stated that if payment was made before the

17  filing of this application, it would be "moot." No such payment was ever made. I

18  received no response from Defendant's counsel to my December 4 notice that we

19  would be filing this application.

20      9.      I spent over four hours preparing this application. This included

21  drafting and editing the application, researching applicable law relating to summary

22  enforcement of settlement agreements and entry of confessed judgments, reviewing

23  the factual record here, and reviewing and gathering the relevant documents. In this

24  matter, I am billing at a reduced rate of $490 an hour.

25      10.     I am a 2002 graduate of UCLA Law School, where I was elected to the

26  Order of the Coif. Following law school, I was a law clerk for the late Hon. Cynthia

27  Holcomb Hall of the U.S. Court of Appeals for the Ninth Circuit for the 2002-03

28  term. Following my clerkship with Judge Hall, I clerked for Judge Margaret M.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  Morrow of this Court for the 2003-04 term. Thereafter, I entered private practice,

2  first with the firm Irell & Manella LLP through mid- to late-2007. Thereafter I

3  joined Kinsella Weitzman Iser Kump & Aldisert, LLP, as an associate and was

4  elected to the partnership effective January 1, 2011. In this matter, I am billing at a

5  reduced rate of $490 an hour. Because I have practiced law in this community for

6  roughly seventeen years (including my time as a judicial law clerk on the Ninth

7  Circuit and then the Central District), I am very familiar with rates for litigators in

8  this community. My billing rate on this matter is well below the market rate for a

9  litigator of my experience and credentials.

10      I declare under penalty of perjury under the laws of the United States of

11  America that the foregoing is true and correct.

12      Executed December 6, 2019, at Santa Monica, California.

13

14          /s/Jonathan P. Steinsapir
            Jonathan P. Steinsapir

15

16

17

18

19

20

21

22

23  11184-00002/674371.1

24

25

26

27

28

EX PARTE APPLICATION FOR ENTRY OF JUDGMENT

**Kinsella Weitzman Iser Kump & Aldisert LLP**
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

# EXHIBIT 1

## FIRST AMENDED SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASES

     This First Amended Settlement Agreement And Mutual General Releases (the "Agreement") is made and entered into as of June 11, 2019 (the "Effective Date") by and between Dr. Randy Rosen ("Rosen") and Liza Vizmanos ("Vizmanos") (collectively, "Plaintiffs") on the one hand, and Philippe Hoerle-Guggenheim ("Guggenheim"), on the other hand. Rosen, Vismanos, and Guggenheim are sometimes referred to collectively herein as the "Parties" and individually as a "Party."

## RECITALS

     A.    In the Summer and Fall of 2018, the Parties discussed Guggenheim's potential acquisition of three pieces of artwork for Plaintiffs, by Pierre-Auguste Renoir, Retna, and CÉVÉ, respectively, (collectively, these three pieces of artwork are referred to as "the Artworks") for Plaintiffs. Collectively, Rosen wired $645,000 to Guggenheim so that Guggenheim could procure the Artworks along with appropriate commissions and then deliver the Artworks to Rosen;

     B.    In or around August 2018, Plaintiffs have been and remain in possession of a painting belonging to Guggenheim and entitled *Brimstone* ("Brimstone") that Guggenheim lent to them at no cost;

     C.    On February 13, 2019, Plaintiffs filed a Complaint in United States District Court for the Central District of California, *Rosen, et al. v. Hoerle-Guggenheim, et al.*, Case No. 2:19-cv-01115-MWF-AS (the "Lawsuit");

     D.    On March 13, 2019, Guggenheim filed in the Lawsuit a Counterclaim against Rosen and Vismanos;

     E.    While the Parties deny any liability or wrongdoing, they wish to avoid further expense and litigation, to resolve the claims alleged in the Lawsuit, including, without limitation, those set forth in the Complaint and Counterclaim, and to settle and release any and all claims or counterclaims between them that do or may exist arising out of the Lawsuit;

     F.    As of April 16, 2019, the Parties entered into a Settlement Agreement and Mutual General Releases ("April 2019 Settlement Agreement");

     G.    Guggenheim did not make payment of $275,000 due on May 7, 2019 under the April 2019 Settlement Agreement. Rather than return to litigating, however, Plaintiffs are amenable to an amended agreement as follows;

     H.    The Parties wish to amend the April 2019 Settlement Agreement by entering into this Agreement; further, to the extent there is any conflict or inconsistency between this Agreement and the April 2019 Settlement Agreement, then the terms of this Agreement shall control;

I.       In entering into this Agreement, no Party is relying upon any statement, representation, or promise of any other Party or any officer, director, agent, partner, employees, consultant, representative or attorney of or for any other Party in executing this Agreement or in making this Agreement, except as expressly stated in this Agreement.

## COVENANTS AND RELEASES

NOW, THEREFORE, in consideration of the Recitals and mutual promises and covenants contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.       <u>No Admission of Liability</u>.  This Agreement is entered into for purposes of settlement and compromise only, and each Party expressly acknowledges and agrees that the other Party hereto has not admitted, and by execution or performance of this Agreement does not admit, any liability or obligation to the other Party, whether alleged in the Lawsuit's claims or counterclaims, or otherwise, except for the obligations created by this Agreement.

2.       <u>Payment</u>.  In consideration for the promises, representations, releases, and covenants contained herein, Guggenheim shall pay Plaintiffs Three Hundred And Twenty Thousand United States Dollars And 00/100 ($320,000) ("the Settlement Payment").  The Settlement Payment shall be paid as follows:

(i)       Forty-Five Thousand Dollars And 00/100 (US $45,000.00) to be paid no later than June 21, 2019 (the "Initial Payment");

(ii)       Eleven (11) payments of Twenty-Five Thousand United States Dollars And 00/100 (US $25,000.00), each to be paid no later than the 15th of each following month (for the avoidance of doubt, the first monthly payment required hereunder shall be due no later than July 15, 2019 and the last no later than May 15, 2020, however, Guggenheim shall face no penalty if he pays more than $25,000 in any given month.

The above payments to Plaintiffs shall be made by wire transfer as follows to the Kinsella Weitzman Iser Kump & Aldisert Client Trust Account:

| | |
|---|---|
| Bank: | First Republic Bank |
| ABA: | 321081669 |
| Account No.: | 997-0006-3771 |
| Account name: | Kinsella Weitzman Iser Kump & Aldisert LLP Client Trust Account |

3.       <u>Brimstone</u>.  Plaintiffs acknowledge that they are in possession of the Brimstone, which Guggenheim owns.  Guggenheim agrees that Plaintiffs may retain possession of Brimstone as security for his payment of the full Settlement Payment as provided herein.  Within five (5) business days of Guggenheim's payment of the full Settlement Payment to Plaintiffs, Plaintiffs will make the Brimstone available to Guggenheim (or someone acting under his direction) at a mutually convenient time when Guggenheim (or someone acting under his direction) will pick up the Brimstone.

4.    <u>Default; Stipulated Judgment</u>.  In the event that Guggenheim fails to make any payment sert forth in Section 2(ii), then Plaintiffs shall notify Guggenheim of any such failure in accordance with the Notice provisions set forth in Section 22 of this Agreement.  If Guggenheim then fails to make the required payment within five (5) business days of Plaintiffs providing such notification, then Guggenheim shall be deemed to be in breach of this Agreement ("Default"). Thereafter, Plaintiffs may apply *ex parte* to the Court for entry against Guggeinheim of the "[Proposed] Judgment Against Phillippe Hoerle-Guggenheim" ("the Stipulated Judgment") attached hereto as Exhibit 1 to Exhibit A.  Guggenheim shall not oppose the *ex parte* application except on the ground that payment was made at the time required or within five (5) business days of Plaintiffs providing notice to Guggenheim of failure to make payment. With Plaintiffs' *ex parte* application, Plaintiffs shall file the attached "Stipulation for Entry of Judgment Against Defendant Phillippe Hoerle-Guggenheim" attached hereto as Exhibit A. Prior to any Default, Plaintiffs' counsel shall hold the entirety of Exhibit A "in trust" and as further security for payment of the Settlement Payment.  Further, Plaintiffs shall not file, record, or otherwise display in the public domain Exhibit A (or any part thereof) in any fashion, including, without limitation, submitting Exhibit A (or any part thereof) to any credit reporting agency.  In the event that Plaintiffs file Exhibit A in accordance with the terms of this Agreement, Plaintiffs shall acknowledge all payments received from Guggenheim prior to Default and shall (a) reduce the amount of the requested Judgment to reflect any and all such payments or (b) file or record a Notice of Satisfaction of Judgment as to the amount of any and all such payments.

5.    <u>Dismissal of Lawsuit</u>.  Upon Plaintiffs' receipt of the Initial Payment, the Parties shall submit to the Court a Stipulation for Dismissal of the Lawsuit in its entirety without prejudice, pursuant to Federal Rules of Civil Procedure, Rule 41, which Stipulation shall also request that the Court retain jurisdiction to enforce the terms of this Agreement. The Stipulation shall be in the form attached hereto as Exhibit B. In the event that the Stipulated Judgment referred to in Paragraph 4 is not filed with the Court after proper notice and opportunity to cure, and within five business days of the final payment made by Guggenheim set out in Paragraph 2(ii), Plaintiffs shall file a stipulated dismissal of the action with prejudice.

6.    <u>Artwork by RETNA and CÉVÉ</u>.    Plaintiffs acknowledge receipt to their satisfaction of the painting by RETNA and the sculpture by the artist known as CÉVÉ, which items form part of the allegations in the Lawsuit.

7.    <u>Non-Disparagement; Public Statements</u>.  The Parties agree to refrain from any defamation, libel, or slander of the other, or tortious interference with the contract(s) and/or relationships of the other. So long as the Stipulated Judgment in Paragraph 4 is not filed with the Court after proper notice and opportunity to cure, the Parties further agree that they shall make no further statements or nonverbal communications regarding the Lawsuit, except that they may state that the "the matter has been resolved to all parties' mutual satisfaction" and that Guggenheim delivered the pieces by RETNA and CÉVÉ (as referenced in Paragraph 6 above) to Plaintiffs, or statements substantially similar thereto.   The Parties further agree that this Agreement, or any of its provisions, shall not be dispersed, shared or disseminated to any third party, except: (a) as necessary to enforce any right(s) thereunder or implement any provision of the same, including but not limited to, in connection with potentially filing the Stipulated Judgment with the Court referred to in Paragraph 4 after proper notice and opportunity to cure;

(b) as reasonably necessary to the Parties' accountants, attorneys, and other agents in carrying out their respective duties to the Parties; (c) in response to a subpoena or other valid discovery request in which case the disclosing Party shall give notice to the other Party of the disclosure in advance of disclosure to the extent reasonably possible; and (d) as required by law.

8.   <u>Release by Plaintiffs</u>.   Subject to and conditioned on the Settlement Payment in Paragraph 2 being made, Plaintiffs hereby forever release Guggenheim, his assigns, heirs, beneficiaries, spouse, attorneys, and agents from any and all claims, causes of action, damages and any other obligation of any kind and nature, at law, in equity, or otherwise, arising out of the Lawsuit or the allegations in the Complaint and/or Counterclaim. In the event that Guggenheim fails to comply with any Payment obligations in Paragraph 2(ii) above, Plaintiffs' sole remedy shall be the filing and enforcement of the Stipulated Judgment referred to in Paragraph 4, along with the recovery of attorneys' fees in connection therewith.

9.   <u>Release by Guggenheim</u>.   Guggenheim hereby forever releases Plaintiffs, their assigns, heirs, beneficiaries, spouse, attorneys, and agents from any and all claims, causes of action, damages and any other obligation of any kind and nature, at law, in equity, or otherwise, arising out of the Lawsuit or the allegations in the Complaint and/or Counterclaim.

10.   <u>Waiver of Civil Code Section 1542</u>. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those now known or believed to be true bearing upon the rights released in this Agreement.  Notwithstanding the existence of any such different or additional facts, the Parties hereby agree that this Agreement shall remain in full force and effect. The Parties hereby waive any and all rights which they have or may have under the provisions of Section 1542 of the California Civil Code as now worded and as thereafter amended, along with any other similar principles of law in other jurisdictions. Section 1542 of the California Civil Code reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

11.   <u>Further Documents</u>. The Parties agree to execute any further documents that may be reasonably necessary to effectuate the Parties' intent hereunder.

12.   <u>No Waiver</u>. No waiver of any breach of a covenant, condition or promise of this Agreement shall be deemed to be a waiver of any other or subsequent breach of a covenant, condition or promise, whether of like or different nature.

13.   <u>Integration</u>. This Agreement expresses the entire agreement of the Parties hereto. No recitals, promises, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any party hereto, except as specifically set forth in this Agreement. All prior discussions and negotiations regarding the subject matter of this Agreement have been and are merged and integrated into, and are superseded by, this Agreement.

14. <u>Written Modifications Only</u>.  This Agreement may not be modified in any way whatsoever, except in a writing signed by all Parties.

15. <u>Construction of Agreement</u>.  This Agreement shall be construed as a whole according to its fair meaning.  The headings used in this Agreement are for reference only and shall not affect the construction of the Agreement.

16. <u>Jointly Drafted</u>.  This Agreement shall be deemed negotiated and drafted jointly by the Parties hereto, and shall not be strictly construed for or against any of the Parties hereto, and none of the Parties shall be deemed to be the sole drafter.

17. <u>Severability</u>.  The parties agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal and/or unenforceable in any respect, the remaining provisions shall nevertheless remain in full force and effect.

18. <u>Choice of Law</u>.  This Agreement shall be construed in accordance with, and governed by, the internal laws of the State of California without any reference to its conflict of laws provisions.

19. <u>Forum Selection</u>.  Venue and jurisdiction over any judicial action to enforce this Agreement, or any other action arising out of or in any way relating to this Agreement, shall lie exclusively in the state and federal courts of Los Angeles County, California.

20. <u>Attorneys' Fees</u>.  The Parties agree that they shall bear their own costs, expenses and attorneys' fees relating to the Action, the April 2019 Settlement Agreement, and to the negotiation and execution of this Agreement.  In any subsequent legal proceeding between the Parties that may arise out of or relate to this Agreement, the prevailing party shall be entitled to recover its costs, expenses, and reasonable attorneys' fees.

21. <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of Plaintiffs and Guggenheim, along with their respective successors and assigns.

22. <u>Communications</u>.  All written communications that are required or otherwise may be given under this Settlement Agreement shall be deemed delivered and given upon e-mail transmission thereof, along with a copy of any such notice being sent the same day (or the next business day if business is closed at the time of email transmission) by overnight or personal delivery, to the people and addresses shown below:

<u>As to Guggenheim, address to:</u>          <u>As to Plaintiffs, address to:</u>
George Benaur, Esq.                      Jonathan P. Steinsapir, Esq.
BENAUR LAW LLC                           Kinsella Weitzman Iser Kump & Aldisert LLP
150 West 56th Street                     808 Wilshire Blvd, Third Floor
New York, New York 10019                 Los Angeles, CA 90401
Tel: (609) 216-6105                      Tel: (310) 566-9800
Email: george@benaurlaw.com              Email: jsteinsapir@kwikalaw.com

All such written communications shall be considered completed and made on the date of transmission of the email to the above addressees. From time to time, either Party may substitute a different representative than the attorneys listed above to receive any notice, request, instruction, or document to be provided under this agreement. The Party shall advise the other Party in writing of a change in that Party's representative.

23.    Counterparts.    This Agreement may be executed by way of one or more counterparts, each of which shall be deemed an original, but all of which together constitute one agreement among the parties hereto. Each of the Parties hereto agrees that email transmission of a signature on this document shall constitute a valid execution of this document, and shall be sufficient to formally bind, at the time of transmission, the party whose signature was transmitted by fax or email.

24.    Recitals.    The Recitals are contractual in nature and made a part of the Agreement by this reference.

IN WITNESS WHEREOF, the Parties have approved and executed this Settlement Agreement on the dates set forth opposite his, her or its respective signatures.

EXECUTED by the Parties as follows:

_____
Randy Rosen                                        Dated: 06/20/2019

_____
Liza Vizmanos                                      Dated: 06/20/2019

_____
Philippe Moerle Guggenheim                   Dated: 6/20/2019

11573.00002/649551

# EXHIBIT A

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Jonathan P. Steinsapir (SBN 226281)
 jsteinsapir@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LIZA VISMANOS, an individual, and RANDY ROSEN, an individual, | Case No. 2:19-cv-01115-MWF-AS |
| Plaintiffs, | **STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT PHILLIPPE HOERLE-GUGGENHEIM** |
| vs. | |
| PHILIPPE HOERLE-GUGGENHEIM, an individual, | |
| Defendant. | |

*(sidebar)* KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   This Stipulation for Entry of Judgment Against Defendant Phillippe Hoerle-
2   Guggenheim is entered into by and between Plaintiffs Liza Vismanos and Randy
3   Rosen (collectively "Plaintiffs"), on the one hand, and Defendant Philippe Hoerle-
4   Guggenheim ("Defendant"), on the other hand, with reference to the facts and
5   circumstances set out below. The Plaintiffs and Defendants are sometimes
6   collectively referred to herein as the "Parties" or individually as a "Party."

7   WHEREAS, in April 2019, the Parties settled this action and entered into a
8   written Settlement Agreement and then a written Amended Settlement Agreement
9   (collectively, the "Agreement").

10  WHEREAS, as part of the Agreement, the Parties filed a Stipulation of
11  Dismissal Without Prejudice asking the Court to retain jurisdiction of the Parties and
12  this Action after which the Court entered such an Order.

13  WHEREAS, pursuant to the terms of the Agreement, Defendant was required
14  to pay $320,000 to Plaintiffs in twelve installments, the first for $45,000 due upon
15  execution of the Amended Settlement Agreement, and the remaining eleven
16  installments of no less than $25,000 to be paid monthly on the 15th of each month
17  (or the first business day thereafter if the 15th is not a business day), commencing on
18  July 15, 2019 and ending on May 15, 2020 (each installment is referred to herein as
19  a "Monthly Settlement Payment"). The Parties agreed that if Defendant failed to
20  timely make a Monthly Settlement Payment then Plaintiffs would be entitled to have
21  Judgment entered against Defendant on the terms provided herein.

22  Based upon the foregoing, IT IS THEREFORE STIPULATED AND
23  AGREED THAT:

24  1.    In the event that Defendant breaches the Agreement by failing to make
25  a Monthly Settlement Payment on the 15th of each month (or the first business day
26  thereafter if the 15th is not a business day), commencing on July 15, 2019, and
27  ending on May 15, 2020 then Defendant shall be in breach of the Agreement
28  ("Breach").

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

2

2.     In the event of Breach, Plaintiffs shall give written notice of the Breach to Defendant as provided in the Agreement ("the Notice").

3.     Defendant shall have five business days after receipt of the Notice to cure the Breach by paying to Plaintiffs the full amount of the Monthly Settlement Payment then due (the "Cure Period").

4.     In the event that Defendant does not cure the Breach within the Cure Period, Plaintiffs shall be entitled to file an *ex parte* application with the Court, with notice provided pursuant to the Local Rules of the Court,  representing that Defendant is in Breach under the Agreement, and requesting that judgment be entered against Defendant as set forth in the [Proposed] Judgment attached hereto as Exhibit 1.

5.     Upon filing the *ex parte* application, Plaintiffs shall fill in the first blank space on Exhibit 1 with the sum of all unpaid Monthly Settlement Payments from the date of Breach to May 15, 2020. Plaintiffs shall also be entitled to an award of their reasonable attorneys' fees incurred in connection with the Breach, the Notice, and the preparation and filing of the *ex parte* application (and any subsequent pleadings associated with it). The Court may fill in the second blank in the amount of attorneys' fees it deems appropriate, and then fill in the third blank with the sum of the first two numbers (i.e., the sum of both the awarded attorneys' fees and the Monthly Settlement Payments from the date of Breach to May 15, 2020).

6.     Defendant shall not oppose the *ex parte* application or contest the entry of the [Proposed] Judgment except on the grounds that: (1) Defendant is not in Breach because he did in fact make the Monthly Settlement Payment at issue when it was due; (2) Defendant cured the Breach within the Cure Period; and/or (3) the amount of requested attorneys' fees is not reasonable.

7.     Defendant agrees that the entry of the [Proposed] Judgment attached hereto as Exhibit 1—as modified as set out in Paragraph 5 above—shall be binding

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

3

1    and final, and Defendant further agrees to waive the right to appeal, or otherwise

2    attack or object to, the entry of the [Proposed] Judgment attached hereto as Exhibit 1

3    (as modified as set out in Paragraph 5 above).

4        8.    An email, scanned, or electronic signature on this Stipulation shall be

5    deemed the equivalent of an original "wet" signature.

6        **IT IS SO STIPULATED AND AGREED.**

7

8    DATED: June 20, 2019        By _____

9                                    Plaintiff Liza Vismanos

10

11   DATED: June 20, 2019        By _____

12                                    Plaintiff Randy Rosen

13   DATED: June 20, 2019        By _____

14                                    Defendant Phillippe Hoerle-Guggenheim

15

16   DATED: June 20, 2019        KINSELLA WEITZMAN ISER
                                 KUMP & ALDISERT LLP
17

18

19                               By: _____

20                                    Jonathan Steinsapir

21                                    Attorneys for Plaintiffs

                                      Liza Vismanos and Randy Rosen
22

23   DATED: June 20, 2019        HEATH STEINBECK, LLP

24

25

26                               By: _SAH_____

27                                    Steven A. Heath

                                      Attorneys for Defendant
28   11573.00002.646669              Phillippe Hoerle-Guggenheim

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.0850

4

# <u>EXHIBIT 1</u>

(To Stipulation for Entry of Judgment Against Defendant Phillippe Hoerle-Guggenheim)

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| LIZA VISMANOS, an individual, and RANDY ROSEN, an individual, | Case No. 2:19-CV-01115-MWF-AS |
| Plaintiffs, | **[PROPOSED] JUDGMENT AGAINST PHILLIPPE HOERLE-GUGGENHEIM** |
| vs. | |
| PHILIPPE HOERLE-GUGGENHEIM, an individual, | |
| Defendant. | |

---

JUDGMENT AGAINST DEFENDANT PHILLIPPE HOERLE-GUGGENHEIM

## JUDGMENT

Based upon the Stipulation for Entry of Judgment Against Defendant Phillippe Hoerle-Guggenheim entered into by and between Plaintiffs Liza Vismanos and Randy Rosen (collectively "Plaintiffs"), on the one hand, and Defendant Phillippe Hoerle-Guggenheim ("Defendant"), on the other hand, and for good cause,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Judgment is hereby entered in favor Plaintiffs Liza Vismanos and Randy Rosen, and against Defendant Phillippe Hoerle-Guggenheim in the amount of _____ dollars, representing the total of unpaid Monthly Settlement Payments, along with an award of attorneys' fees in the amount of _____ dollars, for a total of _____ dollars.

2.    Post-judgment interest shall accrue at 10 percent per annum from the date of entry of this Judgment in accordance with California Code of Civil Procedure § 685.010.

**IT IS SO ORDERED.**


DATED: _____                    _____
                                                      Hon. Michael W. Fitzgerald
                                                      United States District Judge

11573.00002/649672

JUDGMENT AGAINST DEFENDANT PHILLIPPE HOERLE-GUGGENHEIM

**<u>EXHIBIT B</u>**

1    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
     Jonathan P. Steinsapir (SBN 226281)
2     jsteinsapir@kwikalaw.com
     808 Wilshire Boulevard, 3rd Floor
3    Santa Monica, California 90401
     Telephone: 310.566.9800
4    Facsimile: 310.566.9850

5    Attorneys for Plaintiffs

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                      **WESTERN DIVISION**

11

12    LIZA VISMANOS, an individual, and    Case No. 2:19-cv-01115-MWF-AS
     RANDY ROSEN, an individual,

13            Plaintiffs,    **JOINT STIPULATION REQUESTING DISMISSAL OF**

14        vs.    **THE ACTION WITHOUT PREJUDICE WITH THE COURT**

15    PHILIPPE HOERLE-GUGGENHEIM,    **RETAINING JURISDICTION TO ENFORCE SETTLEMENT**
     an individual,

16            Defendant.    **AGREEMENT**

17

18                    **[PROPOSED] ORDER SUBMITTED CONCURRENTLY HEREWITH**

19

20

21

22

23

24

25

26

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3ᴿᴰ FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    This Joint Stipulation Requesting Dismissal Of The Action Without Prejudice

2   With The Court Retaining Jurisdiction To Enforce Settlement Agreement is entered

3   into by and between Plaintiffs Liza Vismanos and Randy Rosen (collectively

4   "Plaintiffs"), on the one hand, and Defendant Philippe Hoerle-Guggenheim

5   ("Defendant"), on the other hand, with reference to the facts and circumstances set

6   out below. The Plaintiffs and Defendants are sometimes collectively referred to

7   herein as the "Parties" or individually as a "Party."

8       WHEREAS, in April 2019, the Parties settled this action and thereafter

9   entered into a written Settlement Agreement and then a written Amended Settlement

10  Agreement (collectively, the "Agreement").

11      WHEREAS, pursuant to the terms of the Agreement, the Parties wish the

12  Court to retain jurisdiction over this action and over the Parties to enforce the

13  provisions of the Agreement between the Parties should that become necessary.

14      THEREFORE, SUBJECT TO THE APPROVAL OF THIS COURT, THE

15  PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

16      1.    That the Court will dismiss the Action in its entirety, including all

17  claims and counterclaims asserted therein;

18      2.    That the dismissal shall be without prejudice;

19      3.    That the Court will retain jurisdiction over this action and over the

20  Parties to enforce the provisions of the Agreement between the Parties should that

21  become necessary.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

STIPULATION OF DISMISSAL WITHOUT PREJUDICE WITH COURT RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

SO STIPULATED AND REQUESTED.[1]

1

2

3   DATED: June 20, 2019         By _____

4                                     Plaintiff Liza Vismanos

5

6   DATED: June 20, 2019         By _____

7                                     Plaintiff Randy Rosen

8   DATED: June 20, 2019         By _____

9                                     Defendant Phillippe Hoerle-Guggenheim

10  DATED: June 20, 2019

11                                    KINSELLA WEITZMAN ISER
                                      KUMP & ALDISERT LLP
12

13                                    By: _____

14                                    Jonathan Steinsapir
                                      Attorneys for Plaintiffs
15                                    Liza Vismanos and Randy Rosen

16

17  DATED: June 20, 2019         HEATH STEINBECK, LLP

18

19                                    By: _SAH_____

20                                    Steven A. Heath
                                      Attorneys for Defendant
21                                    Phillippe Hoerle-Guggenheim

    11573.00002/650015

22

23

24

25      [1] The parties are directly signing this stipulation due to California law
    providing that the actual parties themselves must sign a request to the Court to retain
26  jurisdiction to enforce a settlement agreement. *Mesa RHF Partners, L.P. v. City of
    Los Angeles*, 33 Cal.App.5th 913, 918 (2019). Although these *procedural*
27  requirements of California law are not binding on a federal court, *Retail Clerks
    Union Joint Pension Tr. v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir.
28  1991), we are complying with them in an abundance of caution.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**<u>EXHIBIT 2</u>**



KINSELLA
WEITZMAN
ISER
KUMP &
ALDISERT LLP

**Jonathan Steinsapir**
Direct Dial:  (310) 566-9834
Direct Fax:  (310) 566-9884
E-Mail:  jsteinsapir@kwikalaw.com

October 18, 2019

## VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY

George Benaur, Esq.
BENAUR LAW LLC
43 West 43rd Street, Suite 225
New York, New York 10036
Tel: (609) 216-6105
E-Mail: george@benaurlaw.com

   Re: <u>Notice of Failure to Make Required Payment and Demand for Cure</u>

Dear Mr. Benaur:

   Reference is made to the First Amended Settlement Agreement and Mutual Releases ("the Agreement") dated June 11, 2019, between my clients, Dr. Randy Rosen and Liza Vismanos, on the one hand, and your client Philippe Hoerle-Guggenheim ("Guggenheim"), on the other.

   Pursuant to Paragraph 2(ii) of the Agreement, Guggenheim was required to make payment of $25,000 to my firm's client trust account by the close of business today. No such payment has been received.

   Pursuant to Paragraphs 4 and 22 of the Agreement, Notice is hereby given that Guggenheim is in breach of the Agreement and if payment is not made within five business days—by the end of the day on October 25, 2019—Guggenheim shall be deemed to be in breach of the Agreement. Plaintiffs will therefore file the "Stipulation for Entry of Judgment Against Defendant Philippe Hoerle-Guggenheim," (Exhibit A to the Agreement) with the Court, along with other appropriate filings, on October 28, 2019 in accordance with the terms of the Agreement.

   If you have any questions, please feel free to contact me.

      Very truly yours,

      Jonathan Steinsapir

George Benaur, Esq.
October 18, 2019
Page 2


cc:     Steven A. Heath, Esq. (by email only to saheath@heathsteinbeck.com)

11573.00002/668418

**<u>EXHIBIT 3</u>**



**KINSELLA
WEITZMAN
ISER
KUMP &
ALDISERT** LLP

**Jonathan Steinsapir**
Direct Dial: (310) 566-9834
Direct Fax: (310) 566-9884
E-Mail: jsteinsapir@kwikalaw.com

November 18, 2019

**<u>VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY</u>**

George Benaur, Esq.
BENAUR LAW LLC
43 West 43rd Street, Suite 225
New York, New York 10036
Tel: (609) 216-6105
E-Mail: george@benaurlaw.com

   Re: <u>Notice of Failure to Make Required Payment and Demand for Cure</u>

Dear Mr. Benaur:

   Reference is made to the First Amended Settlement Agreement and Mutual Releases ("the Agreement") dated June 11, 2019, between my clients, Dr. Randy Rosen and Liza Vismanos, on the one hand, and your client Philippe Hoerle-Guggenheim ("Guggenheim"), on the other.

   Pursuant to Paragraph 2(ii) of the Agreement, Guggenheim was required to make payment of $25,000 to my firm's client trust account by the close of business Friday, November 15, 2019. No such payment has been received.

   Pursuant to Paragraphs 4 and 22 of the Agreement, Notice is hereby given that Guggenheim is in breach of the Agreement and if payment is not made within five business days, Guggenheim shall be deemed to be in breach of the Agreement. Plaintiffs will therefore file the "Stipulation for Entry of Judgment Against Defendant Phillippe Hoerle-Guggenheim," (Exhibit A to the Agreement) with the Court, along with other appropriate filings in accordance with the terms of the Agreement.

   If you have any questions, please feel free to contact me.

       Very truly yours,

       Jonathan Steinsapir

George Benaur, Esq.
November 18, 2019
Page 2


cc:    Steven A. Heath, Esq. (by email only to saheath@heathsteinbeck.com)

11573.00002/671339