Closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-1115-MWF (ASx) | Date:  December 12, 2019 |
| Title:  Liza Vismanos et al v. Philippe Hoerle-Guggenheim et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: PLAINTIFFS' EX PARTE APPLICATION BASED ON STIPULATION AND FAILURE TO COMPLY WITH SETTLEMENT AGREEMENT [24]

Before the Court is Plaintiffs' Ex Parte Application For Entry of Stipulated Judgment (the "Application"), filed on December 6, 2019 (the "Application"). (Docket No. 24). No Opposition was filed.

For the reasons discussed below, the Application is **GRANTED**. Plaintiff is entitled to an award of $201,960, including $1,960 in attorneys' fees.

To justify ex parte relief: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Through their Application, Plaintiffs seek to enforce the stipulated judgment agreed to by the parties in June 2019. (Application at 2; Stipulation for Entry of Judgment Against Philippe Hoerle-Guggenehim ("Stipulation") (Docket No. 23)). Specifically, on June 21, 2019, the parties filed a stipulation to dismiss the case pursuant to a settlement the parties had reached. (Docket No. 21). The Court granted the stipulation, and expressly retained jurisdiction to "enforce the provisions of the

Closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1115-MWF (ASx)**  **Date:  December 12, 2019**
**Title:     Liza Vismanos et al v. Philippe Hoerle-Guggenheim et al**

Parties' Settlement Agreement."  (Docket No. 22).  The parties' written settlement agreement (the "Settlement Agreement") required Defendant to pay Plaintiffs $320,000 in a series of installments, whereby the first installment of $45,000 was due on June 21, 2019, followed by eleven monthly installments of $25,000, due on the fifteenth of every month.  (Application at 1) (citing Declaration of Jonathan P. Steinsapir ("Steinsapir Declaration"), Ex. 1 at 2 (Docket No. 24)).

The Settlement Agreement provided that if Defendant missed a payment, Plaintiffs would give him five business days to cure.  (*Id.*).  If Defendant failed to cure, Plaintiffs could file an ex parte application to have judgment entered against Defendant in the amount outstanding.  (*Id.*) (citing Steinsapir Declaration, Ex. 1 at 3).  As part of the Settlement Agreement, the parties and their counsel also signed the Stipulation, which provided for the same and provided that Plaintiffs would be entitled to their reasonable attorneys' fees incurred in preparing any ex parte application to enforce the Settlement Agreement.  (*Id.* at 2) (citing Steinsapir Declaration, Ex. 1 at Ex. A).

Plaintiffs assert that with the exception of the initial payment, Defendant failed to make every monthly installment payment on time.  (*Id.* at 2).  Plaintiffs further assert that they gave Defendant an opportunity to cure for each month, and Defendants did cure for the months of July, August, and September.  (*Id.*) (citing Steinsapir Declaration ¶ 5).  Plaintiffs also assert that Defendant failed to make payment on October 15, 2019, and while Defendant wrote a check to purportedly cure, the check bounced.  (*Id.*) (citing Steinsapir Declaration ¶ 6).  Plaintiffs assert that Defendant then failed to make payment on November 15, 2019, and while Plaintiffs gave Defendant the requisite notice and opportunity to cure, Defendants never did.  (*Id.*) (citing Steinsapir Declaration ¶ 7).  Indeed, no payment has been made to date for the months of October or November.  (*Id.*) (citing Steinsapir Declaration ¶ 5).

Finally, Plaintiffs assert that they gave notice to Defendant of the Application, and Defendant did not state he would oppose, which is not surprising considering the Stipulation limits Defendant's ability to oppose the Application to a limited set of grounds, which are inapplicable here.  (*Id.* at 2-3) (citing Stipulation ¶ 6).

Closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1115-MWF (ASx)          **Date:** December 12, 2019
**Title:** Liza Vismanos et al v. Philippe Hoerle-Guggenheim et al

Because Defendant failed to make two of the monthly installation payments, and did not cure despite the opportunity, Plaintiff seeks a judgment in the amount due, plus attorneys' fees expended to file the Application to have the judgment entered. (*Id*. at 3).

*First*, Plaintiffs argue that ex parte relief is justified here because (1) Defendant "expressly agreed to such a procedure in both the Settlement Agreement" and the Stipulation; (2) delay would result in a loss of post-judgment interest and give Defendant time to hide his assets; and (3) the Application seeks only entry of a "routine" order. (*Id*. at 4-5). The Court determines that ex parte relief is justified here, because the parties expressly agreed to it and this procedure is very similar to the entry of a stipulated order, which does not require a motion.

*Second*, the Court agrees with Plaintiffs that they are entitled to the remaining $200,000 due on the settlement amount, in addition to their attorneys' fees in connection with the preparation of the Application. Plaintiffs' counsel declares that he spent over four hours on the Application, and seeks fees at a "reduced rate of $490 an hour," totaling $1,960. (*Id*. at 4) (citing Steinsapir Declaration ¶ 9). The Court determines that both the hourly rate and the number of hours spent are reasonable.

Therefore, the Application is **GRANTED**. Plaintiffs are hereby awarded $201,960, constituting $200,000 in the outstanding settlement amount, and $1,960 in attorneys' fees.

A separate judgment shall issue.

IT IS SO ORDERED.